# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| AXIO POWER, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| SUN EDISON, LLC, ) | TRIAL BY JURY DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Axio Power, Inc., ("Axio" or "Plaintiff") by counsel, for its Complaint against Defendant Sun Edison, LLC ("Sun Edison" or "Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Axio is a Virginia corporation with its principal place of business in Charlottesville, Virginia.

2. By agreement among the Plaintiff, Defendant, and other parties to the transactions at issue, Axio is the representative and attorney-in-fact for various unit holders owed payment by Sun Edison with full power to act on the unit holders' behalf.

3. Upon information and belief, Sun Edison is a Delaware limited liability company with its principal place of business in Maryland. Upon information and belief, none of the members of Sun Edison are citizens of Virginia.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and the matter in controversy is between citizens of different states.

5. This Court has personal jurisdiction over Sun Edison because Sun Edison conducts and has conducted ongoing and continuous business in the Commonwealth of Virginia and the Western District of Virginia, and because Sun Edison is subject to jurisdiction under Virginia Code § 8.01-328.1. Through its conduct, Sun Edison has purposefully availed itself of the privileges of conducting business in Virginia and this District. While engaging in its conduct, it was reasonably foreseeable that Sun Edison would be subjected to this Court's jurisdiction.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) in that Sun Edison is subject to personal jurisdiction in this District. Venue in this Court is also appropriate because a substantial part of the events or omissions giving rise to Axio's claims against Sun Edison occurred in the cities or counties constituting the Charlottesville Division.

## FACTUAL BACKGROUND

7. In 2011, Sun Edison and Axio were parties to an Agreement and Plan of Merger ("Agreement"), that merged SUNE ACQ1, LLC and Axio Power Holdings, LLC.

8. As part of that Agreement, Sun Edison agreed to make payments referred to as earnouts for the benefit of former unit holders of Axio Power Holding, LLC.

9. Sun Edison, Axio, SUNE ACQ1, LLC and Axio Power Holdings, LLC and the unit holders agreed that Axio would represent and assert the interests of the unit holders in connection with the Agreement with full power to act on the unit holders' behalf.

<u>Sun Edison Agrees to Pay & Report Earnouts.</u>

10. In Section 1.9(b) of the Agreement, Sun Edison contracted to pay "earnouts" on specified projects, including projects known as the Taylor Kidd project, the Highway 2 North project, and the Welland Ridge project.

11. Axio and Sun Edison amended the terms relating to payments of earnouts in connection with Section 1.9(b) and the Taylor Kidd project, the Highway 2 North project, the Welland Ridge project, in Amendment No. 1 to the Agreement. Sun Edison agreed that it would pay an aggregate of $1,120,000.00 within twenty days of the time that the aforementioned projects reached a "Commercial Operation Date," also called "COD."

12. In Section 1.9(d) of the Agreement, Sun Edison also agreed to pay certain royalties as an earnout in connection with the Twisselman project, which is now sometimes referred to as the Isis project.

13. Sun Edison agreed to pay royalties calculated under Section 1.9(d) if the Twisselman project "prior to or on December 31, 2014, either (i) has an executed (but not terminated) power purchase agreement or feed-in tariff agreement or (ii) reaches commercial operation . . . ." This royalty "shall be payable quarterly" for a time period commencing on the commercial operation of the Twisselman project or in a lump sum, as set out in the Agreement.

14. Sun Edison also agreed in Section 1.9(e) of the Agreement to deliver statements explaining the calculation of earnouts and royalties due under Sections 1.9(b) and (d) of the Agreement. These statements are due fifteen days after the expiration of each calendar quarter.

The Earnouts and Reports of Earnouts Are Due.

15. On information and belief, the Taylor Kidd project, the Highway 2 North project, and the Welland Ridge project all reached COD more than twenty days prior to the filing of this lawsuit.

16. Sun Edison is obligated to pay the amount of $1,120,000 as an earnout for each project.

3

{#1784574-1, 112205-00001-03}
Case 3:15-cv-00005-GEC   Document 1   Filed 02/03/15   Page 3 of 10   Pageid#: 3

17. On information and belief, the Twisselman project obtained either a power purchase agreement or feed-in tariff agreement or reached commercial operation, thereby triggering Sun Edison's obligation to pay royalties.

18. Sun Edison has not paid royalties on the Twisselman project.

19. Sun Edison's obligation to provide statements explaining the calculation of earnouts and/or royalties fifteen days after the close of a quarter began on July 1, 2014.

20. Sun Edison has failed to make any reporting under Section 1.9(e) of the Agreement.

<u>Sun Edison Does Not Dispute the Payments, But Also Has Not Made Them.</u>

21. In October, 2014, Axio sent Sun Edison a letter inquiring about the status of payment for the Taylor Kidd, Highway 2 North, and Welland Ridge projects and requesting payment of the $1,120,000 per project.

22. On October 3, 2014, counsel for Sun Edison indicated that when Sun Edison received confirmation that the projects had reached COD, payment would be forthcomig.

23. On October 29, 2014, counsel for Sun Edison confirmed that the three projects had "reached COD" and requested wiring instructions for payment. *See* Exhibit A.

24. Despite continued correspondence, Sun Edison has not made the required payments in connection with the Taylor Kidd, Highway 2 North, or Welland Ridge projects.

25. On January 6, 2015, Axio again inquired about the overdue payments, as well as about the status of royalties owed on the Twisselman project.

26. Counsel for Sun Edison again indicated that she would check the status of payment, but no payment has been forthcoming.

27. Despite continued inquiries from Axio, Sun Edison has not paid the project earnouts or royalties in connection with the aforementioned projects.

28. Sun Edison has never denied that the payment is owed. Indeed, Sun Edison has repeatedly indicated that payment is forthcoming.

29. The sums remain due and owing.

## COUNT ONE-BREACH OF CONTRACT - TAYLOR KIDD PROJECT

30. Axio hereby realleges and incorporates the allegations contained in the foregoing paragraphs, as though fully set forth herein.

31. Axio, as representative for the unit holders, entered into a valid binding and enforceable Agreement, as amended, with Sun Edison.

32. The unit holders fully performed and met their obligations under the Agreement, as amended.

33. Under the Agreement, as amended, Sun Edison agreed to pay approximately $1,120,000 in connection with the achievement of COD on the Taylor Kidd project.

34. The Taylor Kidd project reached COD more than twenty days prior to the filing of this suit and payment is due.

35. By failing to pay approximately $1,120,000 Sun Edison has breached the Agreement, as amended and harmed the unit holders.

## COUNT TWO-BREACH OF CONTRACT – HIGHWAY 2 NORTH PROJECT

36. Axio hereby realleges and incorporates the allegations contained in the foregoing paragraphs, as though fully set forth herein.

37. Axio, as representative for the unit holders, entered into a valid binding and enforceable Agreement, as amended, with Sun Edison.

38. The unit holders fully performed and met their obligations under the Agreement, as amended.

39. Under the Agreement, as amended, Sun Edison agreed to pay approximately $1,120,000 in connection with the achievement of COD on the Highway 2 North project.

40. The Highway 2 North project reached COD more than twenty days prior to the filing of this suit and payment is due.

41. By failing to pay approximately $1,120,000 Sun Edison has breached the Agreement, as amended and harmed the unit holders.

### COUNT THREE-BREACH OF CONTRACT – WELLAND RIDGE PROJECT

42. Axio hereby realleges and incorporates the allegations contained in the foregoing paragraphs, as though fully set forth herein.

43. Axio, as representative for the unit holders, entered into a valid binding and enforceable Agreement, as amended, with Sun Edison.

44. The unit holders fully performed and met their obligations under the Agreement, as amended.

45. Under the Agreement, as amended, Sun Edison agreed to pay approximately $1,120,000 in connection with the achievement of COD on the Welland Ridge project.

46. The Welland Ridge project reached COD more than twenty days prior to the filing of this suit and payment is due.

47. By failing to pay approximately $1,120,000 Sun Edison has breached the Agreement, as amended and harmed the unit holders.

### COUNT FOUR-BREACH OF CONTRACT – TWISSELMAN (ISIS) PROJECT

48. Axio hereby realleges and incorporates the allegations contained in the foregoing paragraphs, as though fully set forth herein.

49. Axio, as representative for the unit holders, entered into a valid binding and enforceable Agreement, as amended, with Sun Edison.

50. The unit holders fully performed and met their obligations under the Agreement, as amended.

51. Under the Agreement, as amended, Sun Edison agreed to pay royalties in connection with the Twisselman project with it obtained either a power purchase agreement or feed-in tariff agreement or reached commercial operation

52. The Twisselman project obtained either a power purchase agreement or feed-in tariff agreement or reached commercial operation, triggering Sun Edison's obligation to pay royalties.

53. By failing to pay the royalties due, Sun Edison has breached the Agreement and harmed the unit holders.

54. Axio is entitled to obtain, as representative of the unit holders, an accounting and judgment for all damages without limitation stemming from Sun Edison's breach of the Agreement, including compensatory damages, costs, and fees.

## COUNT FIVE – SPECIFIC PERFORMANCE

55. Section 1.9(e) of the Agreement requires Sun Edison to provide quarterly statements explaining the earnout consideration.

56. Axio, as representative for the unit holders, entered into a valid binding and enforceable Agreement, as amended, with Sun Edison.

57. The unit holders fully performed and met their obligations under the Agreement, as amended.

58. Sun Edison has failed to provide any such statements and has breached the Agreement; Axio is entitled to have Sun Edison specifically perform and provide the statements required under Section 1.9(e) of the Agreement for time periods from July 1, 2014 going forward.

## COUNT SIX– INDEMNIFICATION AND ATTORNEYS' FEES

59. Axio hereby realleges and incorporates the allegations contained in the foregoing paragraphs, as though fully set forth herein.

60. Sun Edison contracted in the Agreement, as amended, to provide indemnification, including for reasonable attorneys' fees and expenses incurred in connection with any breach, violation or non-performance of Sun Edison.

61. By refusing to make the payments set out in Counts One through Four of this Complaint, Sun Edison has beached, violated and non-performed in connection with the Agreement, causing Axio to incur fees and costs.

62. By failing to make the reporting required under Section 1.9(e) of the Agreement, Sun Edison has beached, violated and non-performed in connection with the Agreement, causing Axio to incur fees and costs.

63. Sun Edison is obligated to reimburse those costs and attorney's fees and other losses incurred by Axio as representative of the unit holders and those costs and attorney's fees and other losses incurred by the unit holders.

## PRAYER FOR RELIEF

WHEREFORE, Axio prays that this Court enter judgment against Defendant as follows:

A. That this Court find that Sun Edison owes not less than $3,360,000 under the Agreement, as amended, in connection with the Taylor Kidd, Highway 2 North, and Welland Ridge projects;

B. That this Court find that Sun Edison owes royalties in an amount to be determined in connection with the Twisselman project as required under the Agreement;

C. The this Court order an accounting to determine all sums owed in connection with the Twisselman project;

D. That this Court require Sun Edison to provide statements of the earnouts and royalties due under Section 1.9(e) of the Agreement;

E. That this Court grant pre- and post-judgment interest;

F. That this Court award reasonable attorneys' fees and costs; and any other relief as is deemed just and proper.

## JURY DEMAND

Axio demands a trial by jury on all matters and issues triable by a jury.

Dated: February 2, 2013          Respectfully submitted,

AXIO POWER, INC.

By  /s/- Erin B. Ashwell

Richard C. Maxwell (VSB # 23554)
Erin B. Ashwell (VSB #79538)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1400
10 S. Jefferson Street
Roanoke, Virginia 24011
540-983-7738
fax 540-983-7711

rmaxwell@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiff Axio Power, Inc.*